**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| TERRY HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 1:06-cv-111-SEB-JMS |
| | ) | |
| DARYL TEMPLETON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motions for Summary Judgment**

Terry Hunter ("Hunter") was confined for a period of time in the Decatur County Jail ("Jail") and claims in this lawsuit that during such detention in 2004 he was denied constitutionally adequate medical care. The defendants in this care are Decatur County Sheriff Daryl Templeton and Jail physician Dr. Shamaa.

The defendants seek resolution of Hunter's claims through the entry of summary judgment. Such a resolution is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). To survive summary judgment, the non-movant must set forth "specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

A party moving for summary judgment initially has the burden of showing the absence of any genuine issue of material fact in evidence of record. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970). If the moving party carries this burden, the opposing party then must "go beyond the pleadings" and present specific facts which show that a genuine issue exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002)(internal quotation and citation omitted).

Because the defendants seek the entry of summary judgment, the notice required by *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1989), was issued. Through this notice, Hunter was notified of the nature of the motions, of the proper manner in which to respond, and of the consequences of failing to respond. Hunter responded with a statement concerning the argument of the defendants in their motions for summary judgment, but this statement was deficient, *see Gilty v. Village of Oak Park,* 919 F.2d 1247, 1255 n.13 (7th Cir. 1990) (explaining that statements that are "neither notarized nor made under penalty of perjury [do] not comply with Rule 56(e) . . . . As such, we can simply ignore them."). He was notified of the deficiency, but failed to correct it.

"[A] party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law." *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003). There is no reason to stray from the ordinary rule in this case. As the result of Local Rule 56.1(h), this failure has a specific consequence, which is that the factual assertions on which the motions for summary judgment are based and which are supported by the evidentiary record are accepted as true for the purpose of resolving those motions. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This is a requirement fully warranting enforcement, even when the non-movant is proceeding without counsel. *See, e.g., Greer v. Bd. of Educ., of the City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules "apply to uncounseled litigants and must be enforced").

Hunter was confined at the Jail from February 20, 2004, through March 1, 2004, and from March 2, 2004, through September 2, 2004. During this time, he was a pretrial detainee. In that status, he was entitled under the Fourteenth Amendment's guarantee of Due Process to be free of conditions amounting to "punishment." *Bell v. Wolfish,* 441 U.S. 520 (1979); *Murphy v. Morgan,* 914 F.2d 846, 849 (7th Cir. 1990). For the reasons explained in *Board v. Farnham,* 394 F.3d 469, 479-80 (7th Cir. 2005), however, the Court of Appeals has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" (quoting *Henderson v. Sheahan,* 196 F.3d 839, 845 n.2 (7th Cir. 1999)). "In either case the plaintiff has the burden of showing that: (1) the harm to the plaintiff was objectively serious; and (2) the official was deliberately indifferent to her health or safety." *Id.* (citing cases).

In this case, the evidentiary record shows no mistreatment of Hunter, no denial of the "minimal civilized measure of life's necessities," *see Farmer v. Brennan,* 511 U.S. 825, 831-32 (1994), no existence or even risk of objectively serious harm, no deliberate indifference to Hunter's health or safety, *see Farnham*, 394 F. 3d at 478 (the test for deliberate indifference for purposes of the Fourteenth Amendment is whether there has been "'a conscious disregard of known or obvious dangers'") (quoting *Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)), and no conditions of Hunter's confinement

(relevant to his allegations) which were not "reasonably related to a legitimate and non-punitive government goal." *Antonelli v. Sheahan,* 81 F.3d 1422, 1427-28 (7th Cir. 1996) (citing *Bell v. Wolfish,* 441 U.S. 520, 539 (1979)). This conclusion is reached with respect to Hunter's claims of denial of previously prescribed medication, the failure to prescribe additional medication, and the failure to monitor additional health and medical needs while he was at the Jail. As noted in one decision, "to violate a pretrial detainee's due process rights, prison officials would have to intend for him to die or to suffer grievously, or they would have to act indifferently to a known risk that he would die or suffer grievously." *Rapier v. Harris,* 172 F.3d 999, 1006 (7th Cir. 1999) (citing cases). No such condition or state of mind existed with respect to Hunter's confinement at the Jail, and the defendants are thus entitled to summary judgment based on the foregoing. *Washington v. LaPorte County Sheriff's Dep't,* 306 F.3d 515, 518 (7th Cir. 2002.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/09/2007

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana